■ TOWN OF NORTH EAST et al., Respondents, v JANET S. BORDAGES et al., Appellants, et al., Defendant. [822 NYS2d 708]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 16, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs set forth a cause of action for fraudulent conveyance pursuant to Debtor and Creditor Law § 273-a. The court-ordered consent decree in the federal cost recovery action, brought under the Superfund Act (Comprehensive Environmental Response, Compensation, and Liability Act of 1980 [CERCLA] 42 USC § 9601 *et seq.*) against Azon Corporation (of which defendants were directors and/or shareholders or relatives thereof), constituted a final judgment for purposes of the statute (*see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources*, 532 US 598, 604 [2001]; *Rufo v Inmates of Suffolk County Jail*, 502 US 367, 378 [1992]).

Because the State of New York was always a party in interest pursuant to the state assistance contract (*see* ECL 27-1313 [5] [g]; 52-0303 [4]), the amended complaint specified the Town of North East's legal obligation to recover state monies. When the State joined as a party plaintiff, nunc pro tunc (Fed Rules Civ Pro rule 17 [a]), the court properly held that the State was a party to this action as of the time those monies were transferred from the corporation to defendants.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.